1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   CUITLAHUAC ARREOLA and              CASE NO. 09-CV-1536 W (POR)
     GUADALUPE ARREOLA,
12                                        **ORDER GRANTING**
13                          Plaintiffs,   **DEFENDANT'S MOTION TO**
                                          **DISMISS (Doc. No. 9.)**
           vs.
14

15   GREENLIGHT FINANCIAL
     SERVICES; MIDLAND MORTGAGE
16   COMPANY; SPECIALIZED LOAN
     SERVICING, LLC; DOES 1–20,
17

18                          Defendants.

19

20          On July 15, 2009, Plaintiffs Cuitlahuac Arreola and Guadalupe Arreola

21   ("Plaintiffs") filed this lawsuit against Defendants Greenlight Financial Services

22   ("Greenlight"), Midland Mortgage Company ("Midland"), and Specialized Loan

23   Servicing ("SLS").  On April 8, 2010, SLS moved to dismiss the complaint pursuant to

24   Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs have opposed the motion.

25          The Court decides the matter on the papers submitted and without oral argument

26   pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court **GRANTS**

27   SLS's motion to dismiss.

28

1  **I.**     **BACKGROUND**

2          Plaintiffs are the current title holders of a home located at 1700 Canon Drive,

3  Imperial, CA 92251. (the "Property") Defendants Greenlight, Midland, and SLS are

4  institutions that have been, or are currently, involved with the mortgage on the

5  Property.

6          Plaintiffs purchased the Property on December 11, 2006. The loan secured by the

7  First Deed of Trust totaled $278,990.  The second mortgage, secured by the Second

8  Deed of Trust, totaled $55,700.00.  Both loans had adjustable interest rates.  At some

9  point, Plaintiffs began having difficulty paying their mortgage.

10          On March 25, 2010, Plaintiffs filed their First Amended Complaint ("FAC"). On

11  April 8, 2010, SLS moved to dismiss the lawsuit.

12

13  **II.**    **LEGAL STANDARD**

14          The court must dismiss a cause of action for failure to state a claim upon which

15  relief can be granted.  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6)

16  tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720

17  F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if

18  doubtful in fact," are assumed to be true.  Id.  The court must assume the truth of all

19  factual allegations and must "construe them in the light most favorable to the

20  nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also

21  Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

22          As the Supreme Court recently explained, "[w]hile a complaint attacked by a

23  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

24  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

25  and conclusions, and a formulaic recitation of the elements of a cause of action will not

26  do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).  Instead, the

27  allegations in the complaint "must be enough to raise a right to relief above the

28  speculative level." Id. at 1964–65.  A complaint may be dismissed as a matter of law

1  either for lack of a cognizable legal theory or for insufficient facts under a cognizable

2  theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

3        Generally, the court may not consider material outside the complaint when ruling

4  on a motion to dismiss. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d

5  1542, 1555 n.19 (9th Cir. 1990).  However, the court may consider any documents

6  specifically identified in the complaint whose authenticity is not questioned by the

7  parties. <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by

8  statute on other grounds).  Moreover, the court may consider the full text of those

9  documents, even when the complaint quotes only selected portions. <u>Id.</u>  The court may

10  also consider material properly subject to judicial notice without converting the motion

11  into a motion for summary judgment. <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir.

12  1994) (<u>citing</u> <u>Mack v. South Bay Beer Distribs., Inc.</u>, 798 F.2d 1279, 1282 (9th Cir.

13  1986) *abrogated on other grounds by* <u>Astoria Federal Savings and Loan Ass'n v. Solimino</u>,

14  501 U.S. 104 (1991)).

15

16  **III.   DISCUSSION**

17        The FAC contains four causes of action: (1) intentional misrepresentation; (2)

18  fraudulent concealment; (3) quiet title; and (4) a violation of 12 U.S.C. § 2605(e) and

19  24 C.F.R. § 3500.  Plaintiffs are only asserting the third and fourth causes of action

20  against Defendant SLS.  SLS has moved to dismiss both claims.  The Court will address

21  each in turn.

22

23  **A.    Plaintiffs' Action Against SLS To Quiet Title Is Dismissed**

24        In California, an action to quiet title may be brought "to establish title against

25  adverse claims to real or personal property or any interest therein." Cal. Code Civ. Pro.

26  § 760.020.  Plaintiffs' have asserted a quiet title cause of action against "all Defendants."

27  (Doc. No. 8 at 8.)  SLS asserts that the action to quiet title must fail because Plaintiffs

28  have not tendered – or offered to tender – the balance remaining on the loan. (Doc. No.

1    9 at 5.)

2        In opposition, Plaintiffs do not refute the insufficiency of their pleadings.  In fact,

3    they concede that the SLS is "likely just the mortgage servicing company" and that the

4    third cause of action is not being brought against them. (Doc. No. 11 at 3.)

5        Accordingly, the Court **DISMISSES** the third cause of action against SLS

6    **WITHOUT PREJUDICE**.

7

8    **B.**    **Plaintiffs' RESPA Claim For A Failure To Respond to Qualified Written**

9         **Request Against SLS is Dismissed**

10       Section 2605 of the Real Estate Settlement Procedures Act ("RESPA") imposes

11   on loan servicers the duty to timely respond to inquiries concerning a consumer's

12   mortgage loan whenever the loan servicer "receives a qualified written request from the

13   borrower (or an agent of the borrower)." 12 U.S.C. § 2605(e)(1)(A). If a loan servicer

14   fails to comply with the provisions of Section 2605, a borrower shall be entitled to "any

15   actual damages to the borrower as a result of the failure" and "any additional damages,

16   as the court may allow, in the case of a pattern or practice of noncompliance with the

17   requirements of [§ 2605]." 12 U.S.C. § 2605(f)(1).

18       Plaintiffs' fourth cause of action alleges a Section 2605 violation against

19   Defendants Midland and SLS for their failure to respond to a Qualified Written Request

20   ("QWR").  SLS argues that the RESPA claim is insufficiently pled because: (1) it does

21   not identify the legal basis for the requested accounting, (2) it does not establish that

22   the letter sent to SLS would qualify as a QWR, and (3) it does not allege a pecuniary

23   loss. (Doc. No. 9 at 6–7.)

24       In opposition, Plaintiffs claim the letter they sent was sufficient.  But they do not

25   address whether or not the FAC must allege actual damages in order to adequately state

26   a RESPA cause of action.  Nor do Plaintiffs directly address the sufficiency of their claim

27   for statutory damages under RESPA. 12 U.S.C. § 2605(f)(1)(B).  Plaintiffs' silence on

28   these issues is significant.

1    Numerous courts, including several from this very district, have read Section 2605

2  as requiring a showing of pecuniary damages in order to sufficiently state a claim. See

3  e.g. Garibay v. Am. Home Mortg. Corp., No. 09cv1460, 2010 U.S. Dist. LEXIS 29071,

4  at *5–9 (S.D. Cal. Mar. 26, 2010) (where Judge William Q. Hayes dismissed a similar

5  claim asserted by Plaintiffs' counsel in another lawsuit because actual damages had been

6  insufficiently pled); citing Molina v. Wash. Mut. Bank, No. 09cv894, 2010 U.S. Dist.

7  LEXIS 8056, at *20-21 (S.D. Cal. Jan. 29, 2010).  In this case,  Plaintiffs have similarly

8  failed to plead factual allegations indicating how they were damaged by SLS' failure to

9  respond to the QWR.  As such, the Court finds the RESPA claim for actual damages

10  is insufficient.

11    The same courts have also dismissed claims for statutory damages because they

12  do not contain factual allegations supporting the alleged "pattern and practice" of

13  RESPA violations by the defendants. See Garibay v. Am. Home Mortg. Corp., No.

14  09cv1460, 2010 U.S. Dist. LEXIS 29071, at *8–9 (S.D. Cal. Mar. 26, 2010).  Having

15  reviewed the FAC, the Court finds that Plaintiffs' RESPA claim for statutory damages

16  suffers from the same defect.

17    Accordingly, the Court **DISMISSES** the fourth cause of action against SLS

18  **WITHOUT PREJUDICE**.

19

20  **IV.  CONCLUSION**

21    For the foregoing reasons, the Court **GRANTS** Defendant SLS's motion to

22  dismiss **WITH LEAVE TO AMEND**. (Doc. No. 9.)  Should Plaintiffs choose to file

23  a Second Amended Complaint, **they must do so on or before June 11, 2010.**

24  **IT IS SO ORDERED.**

25

26  DATED:  May 24, 2010

27

28  _____
                Hon. Thomas J. Whelan
                United States District Judge

09-cv-1536 W